UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO. 8:02-cr-30-T-23EAJ

JAMES ROBERTSON
_____/

**ORDER**

      James Robertson pleaded guilty under a written plea agreement (Doc. 63) to counts one and two of the indictment — armed bank robbery and possession of a firearm in relation to a crime of violence. Robertson received consecutive terms of thirty-seven months as to count one and eighty-four months as to count two under the July 10, 2003 judgment (Doc. 146). Robertson filed no appeal and filed no motion under 28 U.S.C. § 2255. An August 3, 2005 order (156) denies Robertson's motion (Doc. 155) for a downward departure under Rule 35, Federal Rules of Criminal Procedure. Paragraph 44 of a November 8, 2011 federal presentence report (prepared for Robertson in Case No. 8:08-cr-240-T-17TBM) states that on October 7, 2011, Robertson completed service of the term of imprisonment imposed in this action.

      More than fifteen years after entry of judgment, Robertson moves (Doc. 166) under Rule 60(b)(6), Federal Rules of Civil Procedure "to reopen final judgment" and claims (1) that the United States and defense counsel committed fraud on the

court by a "misleading present[ment] of facts" and by entering — "outside the courtroom unknown to the sentencing judge and court" — into an oral immunity agreement, which also promised the recommendation of a lower sentence; (2) that defense counsel was ineffective for not bringing these agreements to the attention of the court; (3) that the defendant's cooperation would be limited to verifying the content of a co-defendant's "confession letter"; and (4) that meetings among Robertson, his counsel, and the United States were "unauthorized" immunity deals to build criminal cases in the Middle District.

Rule 60(b) states, "A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or the date of the proceeding." Although subpart (6), permits a motion for "any other reason that justifies relief," a motion filed fifteen years after a judgment is not filed "within a reasonable time."

### Case No. 8:08-cr-240-T-17TBM

In Case No. 8:08-cr-240-T-17TBM, a closed criminal action assigned to a different district judge, a jury found Robertson guilty of counts one and two of a superseding indictment, each count charging murder in aid of racketeering activity. By a judgment on December 21, 2011 (as amended on December 22, 2011), Robertson received concurrent sentences of life as to each count. Robertson serves these life sentences.

In Case No. 8:08-cr-240-T-17TBM, the district judge conducted a hearing concerning the same grant of immunity claimed by Robertson in the present motion. The appellate court's November 12, 2013 order affirming Robertson's convictions (Doc. 228), states that the district court "found Porcelli and Cuneo's testimonies that there was no oral immunity deal to be more credible than Robertson's testimony. . . . We must accept the district court's factual findings and credibility determinations as true unless the party seeking the motion can show they are clearly erroneous. . . . Robertson's testimony that there was an oral offer of immunity is in direct conflict with Porcelli and Cuneo's testimony that there was never such an offer." The mandate (Doc. 230) issued March 7, 2014.

## Conclusion

Robertson probably intended to file the present motion in Case No. 8:08-cr-240-T-17TBM but the result in this action is clear: Robertson's motion under Rule 60(b)(6) in this action is grossly out-of-time, his claims for relief were considered and rejected by the district court in Case No. 8:08-cr-240-T-17TBM, and the appellate court affirmed the convictions in Case No. 8:08-cr-240-T-17TBM.

Robertson's motion (Doc. 166) is **DENIED**.

ORDERED in Tampa, Florida, on December 17, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE