## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 25, 2019

Clerk - Middle District of Florida
U.S. District Court
801 N FLORIDA AVE
TAMPA, FL 33602-3849

Appeal Number: 19-10236-HH
Case Style: USA v. James Robertson
District Court Docket No: 8:02-cr-00030-SDM-AAS-2

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Christopher Bergquist, HH/lt
Phone #: 404-335-6169

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 19-10236-HH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PATTON ROBERTSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

BY THE COURT:

James Robertson, a federal prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* styled-Fed. R. Civ. P. 60(b)(6) motion and his motion for reconsideration of that order. The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the denial of a Rule 60(b) motion for relief from judgment for an abuse of discretion. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Rule 60(b) motions do not provide relief from judgment in a criminal case. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Accordingly, the district court did not abuse its discretion in denying Robertson's Rule 60(b)(6) motion.

We review the denial of a Rule 59(e) motion for an abuse of discretion. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). A post-judgment motion to alter or amend the judgment filed within 28 days after the entry of judgment, other than a motion to correct purely clerical errors, is within the scope of Rule 59(e), regardless of its label. *Cf. Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1020–21 (11th Cir. 1988). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted). Although the district court should have construed Robertson's motion for reconsideration as a Rule 59(e) motion, it did not abuse its discretion in denying the motion. Robertson attempted to relitigate the same matters from his improper Rule 60(b)(6) motion.

Nevertheless, "[f]ederal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). The All Writs Act indicates that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal courts have the authority to issue a writ of *coram nobis* under the All Writs Act. *See United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). A

2

court's jurisdiction over such petitions is limited to review of errors "of the most fundamental character." *Id.* (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Id.* at 1204. Here, other relief was available in the form of an appeal or a collateral attack—relief Robertson did not seek for his bank robbery conviction and relief he was denied for his murder convictions. *See United States v. Robertson*, 736 F.3d 1317, 1324–25 (11th Cir. 2013) (affirming as not an abuse of discretion the district court's finding that there was no oral offer of immunity). Moreover, Robertson presents no sound reason for waiting 15 years to file the instant motion. Robertson is not entitled to the "extraordinary remedy" of the writ of *coram nobis. Cf. United States v. Morgan*, 346 U.S. 502, 511 (1954).

There is no substantial question as to the outcome of the case and the appeal is frivolous. *See Davis*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is **GRANTED**, and its motion to stay the briefing schedule is **DENIED** as moot.